```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

JOHN WAGNER,

              Plaintiff,

vs.                                Case No. 2:03-cv-511-FtM-99DNF

JOHN POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE,

              Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #30), filed on June 20, 2006. Plaintiff, who is proceeding *pro se*, did not file a response and the time to do so has now expired.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially

noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). Dismissal is warranted "only if it appears beyond doubt that the allegations in the complaint, when viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted." Grippo v. Perazzo, 357 F.3d 1218, 1222 (11th Cir. 2004). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**II.**

Plaintiff initiated the case by filing a Complaint (Doc. #1) on September 5, 2003, alleging employment discrimination and retaliation for discriminatory acts occurring on or about October 5, 2000. The Notice of Right to Sue letter was received on or about June 10, 2003. The facts in support are listed in Attachment A to the Complaint, which is a letter to the Postmaster.

On January 23, 2004, plaintiff was directed to show cause for failure to prosecute finding no service of process. (See Doc. #6.) Plaintiff filed a Response (Doc. #7) and defendant filed a Motion

to Dismiss (Doc. #8) based on the improper service. On April 27, 2004, the Court entered an Order (Doc. #11) denying the motion and allowing plaintiff the opportunity to properly execute service of process. Plaintiff filed his proof of service (Doc. #12) on May 7, 2004. On September 20, 2004, the case was reassigned to Judge Virginia M. Hernandez Covington.

On August 26, 2004, the Court issued an Order to Show Cause (Doc. #13) for failure to prosecute finding no responsive pleading by defendant. Plaintiff filed a Response and sought a Clerk's Default, however, the government appeared by filing a Rule 12(e) Motion for More Definite Statement (Doc. #18). The request for a default was denied and plaintiff was directed to file a response to the motion. (See Doc. #19.) The motion was granted on October 28, 2004, and plaintiff was directed to file an amended complaint incorporating the supporting facts from Attachment A into the body of his Complaint. Finding no amended complaint or Case Management Report, Orders to Show Cause (Docs. #22, #24) were issued. Upon review of responses, the Court directed plaintiff to file an Amended Complaint with instructions on how to do so and directed that the parties file a Case Management Report within 20 days of a response being filed to the Amended Complaint. (See Doc. #27.) The case reassigned to the unassigned docket after the departure of Judge Covington for her assigned duty station in the Jacksonville Division.

On June 7, 2006, plaintiff filed an Amended Complaint and on June 20, 2006, defendant filed its motion to dismiss. The Amended Complaint (Doc. #28) alleges that plaintiff was subjected to severe and pervasive harassment based on protected activity. Plaintiff further alleges that it could be inferred that his removal was pretextual because defendant launched an investigation into plaintiff's "improper conduct" shortly after plaintiff engaged in "protected activity." Plaintiff further states that he was treated differently than similarly situated employees. Plaintiff does not provide any facts in support.

### III.

Initially the Court notes that defendant is correct that the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8 and 10 or the instructions of the Court on how to amend the Complaint. Additionally, the Court notes that the two-page Amended Complaint fails to support any of the allegations with facts, i.e., the protected activity claimed. Therefore, the motion to dismiss is due to be granted. That being said, the Court finds that plaintiff should be provided one last opportunity to correct the Amended Complaint.

Under United States District Court, Middle District of Florida, Local Rule 4.01(a), "[u]nless otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein."  It is clear that plaintiff seeks to rely on the

attachments of the original Complaint as if incorporated into the Amended Complaint without re-attaching said documents.  This is clearly improper under the Rules, and prevents fair notice of the pleadings to defendant.

Defendant expresses frustration at the undue delay, its inability to file an Answer to the allegations as they stand, and to the repeated past opportunities afforded to plaintiff to amend the Complaint without success.  Because the Court does not find that the delay was caused by *pro se* plaintiff in bad faith, and because of his unrepresented status, the Court does find that leave to amend should be freely given. See Foman v. Davis, 371 U.S. 178, 182 (1962).  Plaintiff has only amended the complaint once before, and the Court finds that plaintiff may be able to state a claim for relief if provided the opportunity to do so.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion to Dismiss (Doc. #30) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** to file a Second Amended Complaint **on or before November 3, 2006,** with the statement of facts to be incorporated within the body of the Second Amended Complaint and with the use of numbered paragraphs detailing each claim and how the facts support each claim separately.  **The failure to file a Second Amended Complaint on or before November 3,**

**2006, in compliance with these instructions will result in the dismissal of this case with prejudice and without further notice.**

2.   The Clerk shall forward to plaintiff a copy of the Step-by-Step Guide to Filing a Civil Action in the United States District Court, Fort Myers Division.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2006.

_____
JOHN E. STEELE
United States District Judge


Copies:
Plaintiff
Counsel of record